# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK PERRY,** | : | **CIVIL NO. 3:17-cv-1682** |
| | : | |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN, FCI ALLENWOOD** | : | |
| **LOW,** | : | |
| | : | |
| **Respondent** | : | |

∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷

## MEMORANDUM

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on September 18, 2017, by Frederick Perry ("Perry"), a federal inmate confined at the Federal Correctional Institution at Allenwood, Low, White Deer, Pennsylvania.

The Court has conducted preliminary review and, for the reasons set forth below, will dismiss the petition for lack of jurisdiction. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

---

[1] See R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

# I.    **Background**

The following is extracted from an opinion of the United States District Court for the Northern District of Illinois:

> By way of background, Defendant/Petitioner Frederick Perry was indicted on one count of distributing 50 grams or more of mixtures containing cocaine base in the form of crack cocaine in December 2006. On June 26, 2008, Perry entered a "blind" guilty plea to the charge before Judge Hibbler, to whom this case was then assigned. Although Perry's motion refers to a plea agreement with the Government, Perry's guilty plea was not taken by the district court pursuant to a plea agreement. As is common in the context of a "blind" plea, Perry filed a plea declaration. The plea agreement attached to Perry's motion as "App. A" appears to be a copy of the draft plea agreement that the Government tendered to Perry's counsel during plea negotiations.
>
> On February 26, 2009, the Court sentenced Perry to 226 months' imprisonment and five years of supervised release. The district court adopted the uncontested Presentence Investigation Report's Guideline calculations, under which Perry's career offender advisory Guideline range was 262 to 327 months. Perry did not appeal his conviction or sentence. Rather, on November 5, 2012, he filed a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255.

United States v. Perry, No. 12 C 8700, 2013 WL 1966637, at *1 (N.D. Ill. May 13, 2013). On May 13, 2013, the sentencing court denied Perry's § 2255 motion as untimely. Id.

On April 3, 2015, Perry filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. (Doc. 1-1, p. 3). The sentencing court denied the motion on August 27, 2015. (Id.) The United States Court of Appeals for the Seventh Circuit granted Perry authorization to file a successive § 2255 motion. (Id.) He

filed his successive § 2255 on September 19, 2016.  (Id.)  It was denied on July 6, 2017.

(Id.)

Perry raises the following issue in the instant petition, "[w]hether in light of

Mathis v. United States, 136 S.Ct. 2243 (2016), United States v. Hinkle, 832 F.3d 569

(5th Cir. 2016) and Holt v. United States, (No. 16-1793)(7th Cir. Dec. 13, 2016). Perry's

prior convictions do not qualify him as a career offender requiring resentencing without

the career offender enhancement."  (Doc. 1-1, p. 2).

## II. **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in

violation of the Constitution may generally be brought only in the district of sentencing

pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)

(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d

245 (3d Cir. 1997).  A petitioner may only resort to a § 2241 petition in the unusual

situation where the remedy by motion under § 2255 would be inadequate or ineffective.

See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, §2255 is not

"inadequate or ineffective" merely because the sentencing court has previously denied

relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or

gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or

ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v.

United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643,

647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

The recognized exception to the general rule, that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, is "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Perry's claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his sentence enhancement under the Armed Career Criminal Act, pursuant to Mathis, 136 S.Ct. 2243. The Third Circuit Court of Appeals has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi). The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255 and Perry fails to demonstrate that he falls within the Dorsainvil exception.

Moreover, it appears that Perry may still have an avenue of relief open to him. In his most recent successive Section 2255 motion, the sentencing court noted the following:

> Under the guise of submitting "additional new authority" for his Section 2255 motion, Petitioner filed a brief raising new arguments that his predicate offenses should not have qualified under the career offender guideline pursuant to application of Mathis v. United States, 136 S.Ct. 2243 (2016), United States v. Holt, 843 F.3d 720 (7th Cir. 2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). Unlike his successive

petition's constitutional arguments based on purported application of the residual clause [3, at 3–4], Petitioner concedes that his new arguments are statutory and are based on application of the categorical or modified categorical approach to his two predicate offenses. [13, at 2 ("[T]he argument being made here is statutory rather than constitutional and does not rest on any other retroactive rule of constitutional law").] These arguments do not overlap with Petitioner's original Beckles claim and cannot form a basis for relief through the original Section 2255 motion that Petitioner received permission to file from the Seventh Circuit. Petitioner must secure permission from the Seventh Circuit to file a successive Section 2255 application on these new grounds (if possible) or show that he can avail himself of 28 U.S.C. § 2241. See In re Davenport, 147 F.3d 605, 608–10 (7th Cir. 1998); Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016). The Court expresses no view on whether such an application would be timely.

United States v. Perry, No. 12 C 8700, 2013 WL 1966637, at *1 (N.D. Ill. May 13, 2013). Perry certainly has the option to seek permission to present this issue in a successive Section 2255 from the Seventh Circuit.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.

Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). The dismissal is without prejudice to Perry to seek permission from the Seventh Circuit to file a successive Section 2255 application on these new grounds.

The Court will enter an appropriate Order.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:   November 30, 2017

5